But if this point should be taken against me, I contend, secondly, that the judgment given upon the plea in abatement was strictly legal. The Act of Assembly does not require the recognizance to be entered into before two Justices; it is satisfied by the examination being had before two, and the mere form of taking in the recognizance is a ministerial act which any one Justice may perform. 2 Hawkins, 84, 85.
That which may be pleaded in abatement cannot afterwards be assigned as error, because it was the neglect of the party not to avail himself of the defect by plea. But if an erroneous judgment be rendered on a plea in abatement, the defendant may either appeal from it or plead in chief, and upon a second erroneous judgment assign errors upon the whole record. A writ of error will not lie upon an interlocutory judgment, the words of the writ being "if judgment *Page 117 
thereof be given," which signify final judgment. The argument for the defendant goes too far; for if it be well founded, it proves that a subsequent erroneous judgment cures the errors of a former one, which would be absurd. (125)
As, then, this error is properly assigned, the only question is whether it be sufficient to reverse the judgment. The Act of Assembly constitutes two Justices a Court, for the special purpose of examining the woman, upon oath, concerning the father of a bastard child, and adjudging that person the reputed father whom she shall so accuse. Though it does not expressly require the same two Justices to bind the man over, yet it is a part of the same proceeding, and must be implied in order to satisfy the subsequent part of the clause, which subjects the reputed father to stand charged with the maintenance, as the county court shall order. The words of the clause next following show that such was the intention of the Legislature, for thereby they extend the powers of the said two Justices to binding over a person charged with having begotten a bastard child not then born. It is not reasonable to suppose that a distinct clause should be inserted for the purpose of giving this power, in a case where the child was not then born, if it had been omitted in the other, where the child might have been already chargeable on the parish. If this is the true construction, then taking a recognizance is in this instance a judicial act, since a discretion must be exercised with regard to the sum, the circumstances of the party, and the probability of his remaining in the county to answer the charge and obey the order of the Court. The whole is a special authority confided to two Justices by an act of Assembly, and must therefore be jointly exercised. As we believe the judgment to be erroneous for this cause, it is unnecessary to examine the second error assigned.
Judgment reversed.
(126)